IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMES HARRIS,<br>    *Defendant*. | CRIMINAL No. ELH-11-0187 |

**MEMORANDUM**

In an Indictment filed on March 31, 2011 (ECF 16), defendant James Harris was charged with possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count One). The Superseding Indictment (ECF 24), filed on May 10, 2011, charged conspiracy to distribute and possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846 (Count One) and possession with intent to distribute cocaine (Count Two).

After a four-day jury trial in June 2011, at which Judge William D. Quarles, Jr. presided (ECF 51, ECF 52, ECF 54, ECF 56, ECF 57), the defendant was found guilty of both Count One and Count Two. ECF 65. At sentencing on March 7, 2012 (ECF 89), Judge Quarles sentenced defendant to concurrent terms of 210 months of incarceration, with credit for time served in federal custody since February 11, 2011. ECF 92 (Judgment); ECF 93 (Statement of Reasons). The Judgment was amended on March 22, 2012 (ECF 98), adding "18 months of credit for time served in state custody prior to February 11, 2011."

On appeal, the Fourth Circuit affirmed on January 15, 2014. ECF 109. The mandate followed on February 6, 2014. ECF 110. The case was reassigned to me on June 13, 2016, due to the retirement of Judge Quarles. *See* Docket.

Defendant, who is now self-represented, filed a submission on May 23, 2024, which has been liberally construed as a motion to reduce sentence under 18 U.S.C. § 3582(c)(2). ECF 116

1

(the "Motion").[1]  The Motion is based on Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines").  In the Motion, defendant asks whether he is "eligible for the 2 point reduction off [his] sentence due to . . . being on probation or parole when [he] was arrested for this offense . . . ." *Id.*

The government opposes the Motion.  ECF 120 ("Opposition").  According to the government, defendant is not eligible for relief because he "was adjudicated a career offender under U.S.S.G. § 4B1.1 with a guidelines range of 210 to 262 months' imprisonment."  ECF 120 at 1; *see also* ECF 122 (Presentence Report or "PSR"), ¶¶ 40, 45.[2]  The government explains defendant's "criminal history category is not affected by Amendment 821" and therefore his sentence remains below the applicable advisory guidelines range."  *Id.* at 1.

On January 29, 2025, the Office of the Federal Public Defender provided notice to the Court that it does not intend to supplement the Motion.  ECF 121.  Defendant has not replied.

Defendant is presently incarcerated at McDowell FCI (search by BOP Register Number 53012-037), https://www.bop.gov).  He has a projected release date of April 16, 2026.  *Id.*

No hearing is necessary to resolve the Motion.  *See* Local Rule 105.6.  For the reasons that follow, I shall deny the Motion.

**I.    Background**

Defendant's PSR reflects that, based on the drug quantity in the case, defendant would have had an offense level of 12 under U.S.S.G. § 2D1.1(c)(14).  ECF 122, ¶ 21.  However, based on two prior convictions, one for attempted second-degree murder (*id.* ¶ 35) and one for robbery with

---

[1] Harris actually wrote to James Wyda, Federal Public Defender.  But, he apparently sent the correspondence to the Court, and therefore it was docketed.

[2] The Court obtained a copy of the PSR from the Probation Office and docketed it, under seal.

a deadly weapon (*id.* ¶ 33), defendant was deemed a career offender under U.S.S.G. § 4B1.1. *Id.* ¶ 27.[3] This elevated defendant's offense level to 32. *Id.* Defendant had no deductions under U.S.S.G. § 3E1.1 for acceptance of responsibility.

Defendant had six criminal history points. *Id.* ¶ 37. This equates to criminal history category of III. But, two points were added under U.S.S.G. § 4A1.1(d), because defendant was on probation in the attempted murder case when the federal offense occurred. *Id.* § 38. This totaled eight points. And, eight points yielded a criminal history category of IV. *Id.* ¶ 39. If defendant were sentenced today, however, only one point would be added, under § 4A1.1(e). Nonetheless, seven points also equates to a criminal history category of IV. In other words, the addition of two points, rather than one, did not affect defendant's criminal history category.

In any event, because of defendant's status as a career offender, his criminal history category was elevated to VI, under U.S.S.G. § 4B1.1. *Id.* ¶ 40. Put another way, the status points actually had no bearing on defendant's criminal history category.

With an offense level of 32 and a criminal history category of VI, the Guidelines called for a sentence ranging from 210 to 262 months of incarceration. If defendant were a criminal history category of IV, however, with an offense level of 32, his Guidelines would have been 168 to 210 months.[4]

Additional facts are included in the Discussion.

## II. The Legal Standard

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed."

---

[3] In both cases, defendant shot the victims. *See* ECF 122, ¶¶ 34, 36.

[4] If defendant had an offense level of 12 and a criminal history category of IV, his Guidelines range would have been 21 to 27 months of incarceration.

18 U.S.C. § 3582(c); *see United States v. Moody*, 115 F.4th 304, 310 (4th Cir. 2024); *United States v. Davis*, 99 F.4th 647, 653 (4th Cir. 2024); *United States v. Brown*, 78 F.4th 122, 128 (4th Cir. 2023); *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023); *United States v. Bond*, 56 F.4th 381, 383 (4th Cir. 2023); *United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022); *United States v. Ferguson*, 55 F.4th 262, 267 (4th Cir. 2022); *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022); *United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020), *abrogated on other grounds by United States v. Troy*, 64 F.4th 177 (4th Cir. 2023); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But, "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception is when the modification is "expressly permitted by statute." *See* 18 U.S.C. § 3582(c)(1)(B); *see also Jackson*, 952 F.3d at 495.

Section 3582(c)(2) of 18 U.S.C. permits a court to reduce the sentence of a defendant who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if the amendment has been made retroactively applicable and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Moore*, 2024 WL 2828103, at *1 (4th Cir. June 4, 2024) (per curiam). *Id.*; *see United States v. Barrett*, 133 F.4th 280 (4th Cir. 2025); *United States v. Riley*, ELH-13-0608, 2022 WL 9361679, at *5 (D. Md. Oct. 14, 2022) (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010)); *see also* U.S.S.G. § 1B1.10(a)(2)(B) (providing that a defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guidelines range").

The Fourth Circuit has said that district courts must employ a two-step approach in considering 3582(c)(2) motions. *United States v. Peters*, 843 F.3d 572, 574 (4th Cir. 2016); *United States v. Williams*, 808 F.3d 253, 257 (4th Cir. 2015). "First, a court must determine the defendant's

4

eligibility. Section 3582(c)(2) permits a reduction only if (1) the defendant's 'term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' and (2) the reduction 'is consistent with applicable policy statements issued by the Sentencing Commission.' § 3582(c)(2). Second, the court may grant the authorized reduction 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Peters*, 843 F.3d at 574 (citing § 3582(c)(2)).[5] "The ultimate decision of '[w]hether to reduce a sentence and to what extent' is committed to the district court's discretion." *Id.*

Amendment 821 to the Guidelines went into effect on November 1, 2023. *Amendment 821*, U.S. SENT'G COMM'N, https://www.ussc.gov/guidelines/amendment/821. It "is a multi-part amendment." *United States v. Gary*, JKB-08-086, 2024 WL 1641007, at *1 (D. Md. Apr. 16, 2024).

Part A of Amendment 821 pertains to criminal history and so called "status points." *Id.* It amended U.S.S.G. § 4A1.1 "by redesignating subsection (d) as subsection (e) and reducing the additional criminal history points assessed to a defendant who committed his offense while under a criminal justice sentence." *Moore*, 2024 WL 2828103, at *1; *see also Barrett*, 133 F.4th at 282-83. "Criminal justice sentence" under the Guidelines includes probation, parole, supervised release, imprisonment, work release or escape status. U.S.S.G. § 4A1.1(e).

Prior to Amendment 821, two points were added to a defendant's criminal history score under U.S.S.G. § 4A1.1(d), if the defendant committed the underlying offense while under a

---

[5] One policy statement provides that courts may not reduce a sentence "to a term that is less than the minimum of the amended guideline range" unless the defendant's original sentence resulted from a downward departure based upon substantial assistance to government authorities. U.S.S.G. § 1B1.10(b)(2); *see United States v. Dunphy*, 551 F.3d 247, 252 (4th Cir. 2009) (concluding that § 1B1.10 is "a jurisdictional bar to reducing sentences below the range authorized by the Commission").

5

criminal justice sentence. But, as now codified in § 4A1.1(e), Amendment 821 limits the assignment of such "status points."

In particular, Amendment 821 permits the assignment of only one status point, and then only if a defendant has seven or more criminal history points. *See* U.S.S.G. § 4A1.1(e). In other words, the amendment eliminates any status points for a defendant who "has six or fewer criminal history points." *Id.*; *see also United States v. Law*, DKC-11-489, 2024 WL 3757902, at *1 (D. Md. Aug. 12, 2024) ("Part A . . . eliminated status points altogether for a defendant with six or fewer criminal history points.").

"The Sentencing Commission gave retroactive effect to the amended Guideline . . . beginning on February 1, 2024." *Moore*, 2024 WL 2828103, at *1; *see Barrett*, 133 F.4th at 283. So, under the new provision, U.S.S.G. § 4A1.1(e), only one "status point" is assessed, and only for those with seven or more criminal history points.

Part B of Amendment 821 provides for a decrease of two offense levels if ten conditions are met. *See* U.S.S.G. § 4C1.1(a). They are, *id.*:

> **(1)** the defendant did not receive any criminal history points from Chapter Four, Part A;
> **(2)** the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> **(3)** the defendant did not use violence or credible threats of violence in connection with the offense;
> **(4)** the offense did not result in death or serious bodily injury;
> **(5)** the instant offense of conviction is not a sex offense;
> **(6)** the defendant did not personally cause substantial financial hardship;
> **(7)** the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> **(8)** the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> **(9)** the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
> **(10)** the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848[.]

### III. Discussion

The government asserts "that a career offender's criminal history is based on their career offender classification, not on their criminal history points." ECF 120 at 2; *see* U.S.S.G. § 4B1.1(b); ECF 122, ¶ 40; *United States v. Chapman*, JKB-13-0534, 2024 WL 1485946, at *1 (D. Md. Apr. 5, 2024). The government posits that because defendant was a career offender, he is not eligible for relief under Amendment 821. ECF 120 at 3.

As outlined earlier, defendant's Guideline ranges was a result of his classification as a career offender and not as a result of his status points. Under U.S.S.G. § 4B1.1, the criminal history category of defendant was automatically elevated from IV to VI due to defendant's career offender status. ECF 120 at 3. In other words, the assignment of two status points had no impact on defendant's criminal history category. With or without status points, defendant's criminal history category is a VI.

### IV. Conclusion

The defendant has a criminal history category of VI because of his career offender status. The assignment of status points did not affect defendant's criminal history category or his Guidelines range. Therefore, I shall deny defendant's Motion (ECF 116).

An Order follows, consistent with this Memorandum.

Date: June 10, 2025                         /s/
                                            Ellen Lipton Hollander
                                            United States District Judge